UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| C. MARTIN GASKELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 09-244-KSF |
| vs. ) | |
| ) | |
| UNIVERSITY OF KENTUCKY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PROHIBIT MICHAEL KOVASH FROM TESTIFYING REGARDING HIS KNOWLEDGE OF AN ADVISORY COMMITTEE MEMBER'S VIEWS REGARDING RELIGION**

Plaintiff C. Martin Gaskell, by and through undersigned counsel, respectfully submits the following response in opposition to defendant's motion *in limine* to prohibit Michael Kovash from testifying regarding his knowledge of an advisory committee member's views regarding religion [DE #57].

Plaintiff's case is one of religious discrimination; that his religion was a motivating factor in defendant's decision not to hire him for position of Observatory Director at the MacAdam Student Observatory. In its order and opinion denying the parties summary judgment, the Court held that plaintiff has produced direct evidence of religious discrimination [DE #47, at 13-16]. In fact, specifically pointing to two statements by Sally Shafer, including the remark that Gaskell is "potentially evangelical," the Court found there to be evidence "which suggests a propensity by the Search Committee to evaluate employees based on illegal criteria." *Id*. at 15.

Despite this case being one of religious discrimination, and despite the direct evidence supporting such discrimination, including evidence from words written by Shafer herself, defendant asks this Court to prohibit Michael Kovash from testifying regarding his personal

knowledge of Sally Shafer's views regarding religion, including any anti-religious animus she may have. Defendant would therefore keep the jury from hearing potentially substantial evidence regarding the anti-religious mindset of one of the search committee members.

Defendant's reasons for excluding such obviously relevant testimony are not persuasive. It does not matter that Kovash had no conversations with Shafer regarding the search process or that he was personally unfamiliar with why Shafer supported Knauer over Gaskell. What does matter is that Kovash is competent to testify that he believes Shafer to be "anti-religious" — a mindset which may have motivated her written statements regarding Gaskell being "potentially evangelical" and others. Testimony by Kovash on this point potentially goes to the heart of Shafer's bias and prejudice against plaintiff based on his religion.

Defendant's fear of confusing the jury is unfounded. The jury will hear much evidence regarding search committee members referencing religion in emails discussing plaintiff's application for employment at the University. Any testimony by Kovash regarding one of the search committee members being "anti-religious" will simply dovetail into the rest of the testimony and further elucidate why plaintiff was denied the position.

If this case were one of *racial* discrimination, and a witness was familiar with another witness's racist attitudes, testimony on this point would clearly be admissible and relevant. The fact that this case involves *religious* discrimination makes no difference. Kovash's testimony should be permitted by the court.

For the foregoing reasons, plaintiff respectfully asks the court to deny defendant's instant motion *in limine*.

Dated this 29[h] day of December, 2010.

                    /s/ Francis J. Manion
                    Francis J. Manion
                    Geoffrey R. Surtees
                    American Center for Law & Justice
                    6375 New Hope Road
                    New Hope, Kentucky 40052
                    Tel. 502-549-7020; Fax. 502-549-5252

                    Edward L. White , III
                    American Center for Law & Justice
                    5068 Plymouth Road
                    Ann Arbor , MI 48105
                    734-662-2984; Fax: 734-302-1758

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 29th, 2010, I electronically filed the foregoing Plaintiff's Response in Opposition to Defendant's Motion in Limine, with the Clerk of Court using the CM/ECF filing system, which will send notification of such filing to the following:

Barbara A. Kriz
BAKER, KRIZ, JENKINS, PREWITT & JONES, PSC PNC
Bank Plaza, Suite 710
200 West Vine Street
Lexington, Kentucky 40507-1620

                    /s/ Francis J. Manion