UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-244-KSF

C. MARTIN GASKELL                                                                                          PLAINTIFF

v.                                             **OPINION & ORDER**

UNIVERSITY OF KENTUCKY                                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, C. Martin Gaskell ("Gaskell"), filed this civil action pursuant to Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e, *et seq*, which makes it unlawful for an employer not to hire an individual because of such individual's race, color, religion, sex, or national origin. He contends that the defendant, the University of Kentucky ("UK"), did not hire him for the position of Observatory Director because of his religion. This matter is currently before the Court upon Gaskell's motion in limine [DE #51] for an order barring any argument at the trial of this matter by UK that the number of job applications Gaskell has filed, or the duration and the outcome of his attempts to secure employment from 2007 until the present, is relevant in any way to the issue of his qualifications for the job of Observatory Director at UK. UK has filed its response objecting to Gaskell's motion in limine.

In support of his motion, Gaskell argues that any evidence of his job search is not relevant to whether he was qualified for the UK job. This Court agrees. What is relevant in this matter is whether Gaskell was qualified for the position and whether UK did not hire him based on his religion. Rule 402 of the Federal Rules of Evidence provides, in pertinent part, that "[e]vidence

which is not relevant is not admissible." Fed.R.Civ.P. 402.  Evidence about his job search is simply not relevant and will be excluded.

Even if this job search evidence was somehow relevant to Gaskell's qualifications, its probative value would be substantially outweighed by, *inter alia*, the need to delve into the positions Gaskell applied for, their requirements, and why he did not get offered those positions.  Thus, this evidence would be excluded under Rule 403 of the Federal Rules of Evidence, which excludes evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Civ.P. 403.

Accordingly, Gaskell's motion in limine [DE#51] is **GRANTED**.  UK is barred from making any argument at the trial of this matter that the number of job applications Gaskell has filed, or the duration and outcome of his attempts to secure employment from 2007 until present, is relevant in any way to the issue of Gaskell's qualifications for the job of Observatory Director at UK.

This January 12, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge